IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DARRELL LAW,**

      Petitioner,

v.                              CIVIL NO. 1:08CV171
                                CRIMINAL NO. 1:06CR20
                                  (Judge Keeley)

**UNITED STATES OF AMERICA,**

      Respondent.

**MEMORANDUM OPINION AND ORDER CONSTRUING AFFIDAVIT
AS A MOTION TO DISQUALIFY AND DENYING MOTION**

On August 25, 2008, pro se petitioner Darrell Law ("Law") filed a "Petition to Vacate Convictions and/or Sentences Pursuant to 28 U.S.C. § 2255." On January 8, 2009, Law filed an "Affidavit" (dkt. no. 10) "for the purpose of applying for the disqualification of [then] Chief United States District Judge Irene M. Keeley" from this case. The Court **CONSTRUES** Law's "Affidavit" as a motion to disqualify, pursuant to 28 U.S.C. § 455(a), and for the reasons that follow denies the motion.

**I. Statement of the Law Governing the Motion to Disqualify**

Title 28, Section 455 of the United States Code governs motions to disqualify judges based upon impartiality, bias or prejudice. See also Caperton v. A.T. Massey Coal Co., Inc., 129 S.Ct. 2252 (2009)(distinguishing statutory and constitutional grounds for recusal and analyzing standard required under due process). Section 455, in pertinent part, provides:

**MEMORANDUM OPINION AND ORDER CONSTRUING AFFIDAVIT
AS A MOTION TO DISQUALIFY AND DENYING MOTION**

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Interpreting §455(a), the Fourth Circuit Court of Appeals has held that

> [t]he critical question presented by this statute "is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances."

United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998) (internal citation omitted). This standard for recusal is an objective one, "ask[ing] whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses "all the facts and circumstances.'" Id.

> [A] reasonable outside observer is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased. There is always some risk of bias: *to constitute grounds for disqualification, the probability that a judge will decide a case on a basis other than the merits must be more than "trivial."*

Id. at 287 (emphasis added) (internal citation omitted).

**MEMORANDUM OPINION AND ORDER CONSTRUING AFFIDAVIT
AS A MOTION TO DISQUALIFY AND DENYING MOTION**

In this regard, a judge's prior adverse rulings, in and of themselves, cannot form a predicate for disqualification:

> Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). The nature of the bias must be personal rather than judicial. United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984). On review, the question is whether the judge abused his discretion in denying a recusal motion. Id. And it is not an abuse of discretion if the complaint is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench.

Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984).

Finally, to warrant recusal on the basis of alleged bias or partiality, a litigant must demonstrate that "[o]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings . . . display a deep seated favoritism or antagonism that would make fair judgment impossible." Sales v. Grant, 158 F.3d 768, 781 (4th Cir. 1998) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).

## II. Law's Allegations

Law alleges that the undersigned has a personal bias against him. In support of his allegation, he points to the undersigned's

3

**MEMORANDUM OPINION AND ORDER CONSTRUING AFFIDAVIT
AS A MOTION TO DISQUALIFY AND DENYING MOTION**

(1) statements at a motion hearing on July 24, 2006; (2) disposition towards the government in its effort to detain Law[1]; (3) "suspicious and inappropriate predeterminations that Grand Jury transcripts would not be available to the public;" (4) "uncanny and suspicious foreknowledge of a general expectation of the outcome in 'drug conspiracy' cases, such as co-defendants accepting plea agreements and testifying at a possible trial and/or sentencing hearing;" (5) "intemperate posture" that included "arbitrarily" limiting the defendant's cross-examination of witnesses during trial; and (6) bias in favor of the government.

In his "Memorandum of Points and Authorities In Support of Affidavit Alleging Bias," Law asserts that the undersigned's bias is conclusively established by rulings (1) admitting certain evidence during his trial pursuant to Federal Rule of Evidence 404(b); (2) reliance on <u>United States v. Dolan</u>, 544 F.2d 1219 (4th Cir. 1976), to uphold his convictions on Counts 9 and 10, and (3) finding that the evidence adduced at trial supported a

---

[1] In his motion, Law alleges that "Judge Keeley (and U.S. Magistrate Judge John S. Kaull) demonstrated an inordinate disposition of bias and prejudice, by initially failing to adhere to directives set forth under 18 U.S.C. § 3142(g)(1)-(2)" in addressing the government's motion to detain.

determination of guilt beyond a reasonable doubt as to his involvement in the conspiracy alleged in Count One.

### III.  Analysis

#### A.  Adverse Legal Rulings Not Grounds for Recusal

Law relies on a number of adverse legal rulings in this case to support his motion for recusal. As noted, these include "arbitrarily" limiting his cross-examination during trial; not requiring the government to express the precise nature of the conspiracy alleged in Count One; admitting certain evidence pursuant to Rule 404(b); relying on United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976) to uphold his convictions on Counts 9 & 10; and finding that the government had proved Count One for conspiracy against him beyond a reasonable doubt.

Law raised most of these issues previously as part of his post-trial motions.  In his post-trial motion for acquittal or mistrial on Count One, for example, Law argued that the government had failed to prove his guilt beyond a reasonable doubt.  In moving for acquittal or mistrial on Counts Nine and Ten, Law had argued, among other things, that the Court's admission of certain evidence violated Federal Rule of Evidence 404(b).

US V. LAW                                                      1:08CV171
                                                               1:06CR20

**MEMORANDUM OPINION AND ORDER CONSTRUING AFFIDAVIT
AS A MOTION TO DISQUALIFY AND DENYING MOTION**

The Court denied Law's post-trial motions in an Order dated January 22, 2007, which found that (1) sufficient evidence supported the jury's finding that Law was guilty beyond a reasonable doubt of the conspiracy contained in Count One; (2) sufficient evidence supported the jury's decision finding Law guilty beyond a reasonable doubt on Counts Nine and Ten[2]; and (3) certain evidence admitted during trial did not violate Federal Rule of Evidence 404(b). On June 20, 2008, the Fourth Circuit Court of Appeals affirmed Law's conviction in its entirety, finding his evidentiary challenges meritless, and further concluding that sufficient evidence existed to support his conviction on Count One.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. In order for judicial rulings to warrant recusal, they either must be based on extrajudicial sources or accompanied by remarks which "reveal such a high degree of favoritism or antagonism as to make

---

[2] In determining the sufficiency of the evidence for Counts Nine and Ten, the Court relied on United States v. Dolan, 544 F.2d 1219 (4th Cir. 1976). In his memorandum, Law argues that the government depended on Dolan and that the Court adopted the government's position. Furthermore, Law argues in his memorandum that Dolan is "miserably unreliable, misplaced and conflicting . . . with modern interpretations and concepts of legal principle [sic]."

6

fair judgment impossible." Id. Here, the judicial rulings about which Law complains were based on events as they transpired during the course of his criminal proceedings, and he does not explain how those rulings reflect favoritism or antagonism. Further, although Law alleges that the undersigned "arbitrarily" limited his cross-examination during the trial, he cites neither to specific testimony in the record nor to judicial remarks that would establish legal rulings related to witness testimony were based on extrajudicial sources or reflected a high degree of favoritism or antagonism.

Accordingly, Law's reliance on allegedly erroneous legal determinations in this case is insufficient to warrant the undersigned's recusal.

**B.      Detention Issue Only Before Magistrate Judge John S. Kaull**

The undersigned was not involved in Law's pretrial detention proceedings. On July 5, 2006, Magistrate Judge John S. Kaull granted the government's motion for detention and entered an order temporarily detaining Law pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f). The United States Marshal arrested Law on the same day. Following that, on July 12, 2006, Magistrate Judge Kaull held a detention hearing and determined that Law should be detained

pending trial. Given that, it is impossible that the undersigned could have demonstrated "an inordinate disposition of bias and prejudice" during the government's effort to detain him prior to trial, as Law alleges.

**C.  Judicial Remarks Alone Not Grounds for Recusal**

A motion for recusal may be denied "if the complaint is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench." Shaw, 733 F.2d at 308. Here, Law alleges that this Court had a "predetermination" of the public availability of grand jury transcripts and an "uncanny and suspicious foreknowledge" that some of his codefendants might enter plea agreements and possibly testify in other trials. He does not, however, point to any part of the record that would support these allegations.

A review of the record reflects that, at a hearing on July 24, 2006, the undersigned noted that the grand jury transcripts in this case would be made available to Law's attorney, but that Law would not be allowed to keep copies of them with him in the jail. The undersigned also reviewed with Law the possible evidence in the case, noting that, in criminal cases with multiple defendants,

"people who plead out tend to show up at the trial later on if you go to trial." Hearing Transcript, p. 27 (dkt. no. 546).

These statements were mere expressions of institutional knowledge based on the Court's experience on the bench. As such, they are inadequate to warrant recusal.

**IV. No Evidence from July 24, 2006 Hearing to Warrant Recusal**

Finally, Law alleges that the Court held a favorable bias toward the government, and that it "accosted" and took an "antagonistic" approach toward Law during the hearing on July 24, 2006, because of his motion to appoint a new attorney. Law, however, has offered no factual support for the allegation that the undersigned demonstrated any bias or favoritism toward the government. Instead, his allegations apparently rest on the inference that, because certain rulings were adverse to him, the Court must have been biased in favor of the government. Such an inference fails to reach the showing of a "deep-seated favoritism" required to warrant recusal. Sales, 158 F.3d at 781.

The Court conducted a hearing on July 24, 2006 expressly to take up the pending motion to withdraw filed by Law's appointed counsel, Kumaraswamy Sivakumaran, in which Sivakumaran stated that Law had discharged him. At the hearing, the undersigned questioned

both Sivakumaran and Law regarding the factual basis for the motion. Because Law had expressed the desire to "fire" him, Sivakumaran asserted that a conflict had developed between him and Law which precluded him from continuing to represent Law.

The undersigned informed Sivakumaran that he could not withdraw simply because he was not getting along with his client. Rather, to prevail on the motion, Sivakumaran had to establish a factual basis for the kind of conflict or irretrievable breakdown in communication warranting withdrawal. The undersigned also advised Law that he was not entitled to new counsel merely because he wanted such, and that he would have to plead facts sufficient under the law to warrant a new appointment.

Further questioning during that hearing established that the disagreement between Law and Sivakumaran stemmed from Law's detention hearing and involved a letter that Law later sent to Sivakumaran. Noting that Sivakumaran had filed a number of pretrial motions in his case, the Court questioned Law about what he thought Sivakumaran should have done, but had not. Law acknowledged that, after Sivakumaran received his letter, he had begun to do his job. Interestingly, after responding to a number of the Court's questions, Law then refused to answer any more questions pertaining

to his counsel's representation, stating "I don't wish to say anything else." Hearing Transcript, p. 16. Therefore, based on the information it then had available, the Court stated it intended to deny Sivakumaran's motion unless Law or Sivakumaran could inform it of any other factual basis to support the motion. Law again stated, "I don't wish to say anything else." Id.

After denying Sivakumaran's motion to withdraw, but because of Sivakumaran's limited experience with federal criminal trials, the Court appointed co-counsel to assist him. It also reviewed with Law the statutory maximum and minimum sentences he faced as a result of the charges in the indictment, and inquired of all counsel about the discovery produced in the case to that point.

"Expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality warranting recusal. Id. at 555-56. While the Court required Law to recount the factual grounds supporting his purported "firing" of Sivakumaran, it also required Sivakumaran to factually support his motion to withdraw. That it made such inquiry, and also reminded both Law and Sivakumaran of their duty to communicate and cooperate with each other, does not constitute an expression of anger or annoyance, and certainly does not establish bias or partiality.

**MEMORANDUM OPINION AND ORDER CONSTRUING AFFIDAVIT
AS A MOTION TO DISQUALIFY AND DENYING MOTION**

The transcript from the hearing documents that, even if one could characterize certain comments as expressions of dissatisfaction or annoyance, the undersigned's statements and tone during the determination of the motion to withdraw do not establish a "deep-seated and unequivocal antagonism that would render fair judgment impossible." Id. at 556.  Accordingly, Law has presented no evidence, and the record reveals none, that would lead a reasonable observer to conclude that the undersigned held a bias or prejudice against Law that warranted recusal.

### IV.  Conclusion

Because Law has failed to show "deep-seated favoritism or antagonism" such that an objective observer might question the Court's impartiality, the Court **DENIES** Law's motion for recusal (dkt. no. 10).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested, and to transmit a copy to all counsel of record.

Dated: June 30, 2009.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE